## ALBERT STEIGER, INC.
*vs.*
## CITY OF HARTFORD

Superior Court      Hartford County      File No. 53633

MEMORANDUM FILED JULY 5, 1940.

*Louis M. Schatz*, of Hartford, for the Plaintiff.

*Vincent Dennis*, of Hartford, for the Defendant.

O'SULLIVAN, J. This is an application for relief, brought under section 375c of the 1935 Cumulative Supplement to the General Statutes.

It appears that on July 1, 1935, the plaintiff's taxable property in the City of Hartford consisted solely of retail merchandise, which the assessors valued at $175,600. This figure was manifestly excessive and could not have been reached except by disregarding the provisions of the statutes for determining the valuation of such property. The true value

of the merchandise was $130,000. Believing itself aggrieved by the action of the assessors, the plaintiff brought this application to the Superior Court on April 23, 1936. Thereafter, the plaintiff, under protest, paid the taxes on the $170,000 assessment. It took this course not only to avoid interest charges but also to escape the various penalties and consequences imposed by law on a non-paying taxpayer.

The foregoing facts are admitted by an amended stipulation filed on December 14, 1937. The parties are not at odds as to the reduction of the assessment, but they are in disagreement as to the right of the plaintiff to recover the excess of tax which it has paid.

The pertinent part of section 375c reads as follows: "When it shall be claimed....that a tax laid on property was computed on an assessment which....was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof, prior to the payment of such tax, may.... make application for relief to the superior court....The pendency of such application shall not suspend action upon the tax against the applicant....If such assessment shall be reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

From the mere reading of this statute it is apparent that a limitation is placed upon taxpayers who may take advantage of its provisions, for it is available only to those who have not paid their taxes prior to the time application for relief from a claimed excessive assessment is made to the court.

In the next place it is apparent that, while the application is pending, the municipality may proceed to collect the tax, thus inviting upon the taxpayer various means of collection. Prior to 1935, this was not so, for under the law as then written the institution of the application suspended all possible action on the tax. The property owner was thus made secure from molestation until the matter was disposed of in court and the only penalty to which he subjected himself was that of interest. The Legislature of 1935 removed this stay of collection and then, sensing the injustice which would fall upon the taxpayer from this amendment, it added to the end of the statute that "if such assessment shall be reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes."

Bearing in mind that only those property owners who have not paid their taxes may make direct application to the court for relief, the words just quoted would be utterly without meaning unless the Legislature intended that such property owners might pay their taxes after the application had been brought, without being prejudiced by the claim that taxes voluntarily paid cannot be recovered.

The statute, it seems to me, quite clearly precludes the availability of any such claim. Inferentially, it extends to the taxpayer the privilege of paying the tax while the application is pending, and it makes no difference whether the payment be deemed voluntary or otherwise. If the assessment is reduced, he is entitled to the return of the excess tax which he paid.

It might be said in passing, however, that the agreed fact is that this applicant paid the tax not only to avoid interest charges but also to escape the various penalties and consequences imposed by law upon a non-paying taxpayer. These penalties and consequences are such that it cannot fairly be said that he who pays a tax to avoid their onerous results does so voluntarily. *Bridgeport Hydraulic Co. vs. Bridgeport,* 103 Conn. 249.

Hence, the plaintiff is entitled to the following relief: the assessment on its property is reduced to $130,000 and the city is ordered to reimburse it to the extent of $1,201.50, being the amount to which the parties have stipulated.